J. Scott Russo, SBN 155631
Russo & Duckworth, LLP
9090 Irvine Center Drive, 2nd Floor
Irvine, CA 92618
(949) 752-7106
(949) 752-0629 Fax

Robert E. Bright, SBN 166341
LAW OFFICE OF ROBERT E. BRIGHT
9090 Irvine Center Drive, 2nd Floor
Irvine, CA 92618
(949) 396-2406
(949) 534-0508

Attorneys for Plaintiff and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW DOMINGUEZ, on behalf of himself and all others similarly situated and the general public<br><br>Plaintiffs,<br><br>v.<br><br>UNITED PARCEL SERVICE, CO., a Delaware corporation and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 5:18-cv-01162 JGB (SPx)<br><br>CLASS ACTION<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1. Violation of B&P §17200, et seq.;<br>2. Failure to Provide Meal Breaks;<br>3. Failure to Pay Meal Break Penalty<br>4. Failure to Allow Rest Breaks<br>5. Failure to Provide & Maintain Accurate Wage Statements – Labor Code §226;<br>6. Violation of Labor Code §§2698-2699 [PAGA]<br><br>[JURY TRIAL REQUESTED] |

Plaintiff ANDREW DOMINGUEZ ("Plaintiff"), on behalf of himself and all other persons similarly situated and the general public, hereby complains against UNITED PARCEL SERVICE CO. ("UPS") and DOES 1 to 50, and alleges as follows:

1

## **GENERAL ALLEGATIONS**

1.      This is a civil action seeking recovery of unpaid wages and penalties under California Labor Code §201, 226.7, 512, and 1194, et seq. Plaintiff for himself and on behalf of the general public, and all others similarly situated, brings an action for monetary damages for failure to pay wages as well as for restitution for defendants' violations of Business and Professions Code §17200, et seq. including full restitution of all compensation retained by defendants as a result of their unlawful, unfair business practices. Further, Plaintiff seeks injunctive relief under Business & Professions Code §17200, et seq. Plaintiff also alleges claims under the California Labor Code §2698, et seq. (Private Attorney General Act or "PAGA").

2.      This action is based upon Defendants' refusal to allow and properly compensate its part-time/seasonal employees for meal and rest breaks at its Ontario Hub. In order to hide these violations, Defendants instituted a practice of having its managers and/or supervisors retroactively forge time records for its employees. If an employee worked marginally longer than the minimum length required to merit a meal or rest period, Defendants would routinely "shave off" the excess time. If the employee worked too many hours for the shaving of the time, the Defendants' would extend the employee's clock out time by thirty minutes and call it a meal period.

3.      This practice of altering time records was systemic and was done with the full knowledge, consent and ratification of company management. Plaintiff is informed and believes, and upon such information and belief, alleges that the following management personnel were aware of these practices: Tom Cuce, President of UPS; Judy Donovan, Head of Security; Don Tefft, Southern California District HR Manager; Tolliver Morgan, Division Manager; Phil Thompson, Division Manager; and Jared Penhall, Operations Manager.

4.      Plaintiff is informed and believes that UPS has encouraged its Managers and Supervisors to engage in such activities in order to increase productivity and cut costs. In a recent response to these practices approximately 15 to 20 employees in the AM Sort at the Ontario Hub complained to Management about these practices.

/ / /

ANDREW DOMINGUEZ v. UNITED PARCEL SERVICE CO. - FIRST AMENDED COMPLAINT

5.      A "sort" is another word for "shift." At the Ontario hub, UPS has arranged its employees into ten (10) separate sorts. These include: 1) the Pre-Load Sort from 3:30 am to 9:30 am; 2) the Morning Sort from 11:00 am to 1:00 or 2:00 pm; 3) the Afternoon Sort from 3:00 pm to 7:00 pm; 4) the Twilight Sort from 7:30 pm to 1:00 am; 5) the Day Sort from 5:00 pm to 9:00 pm; 6) the Intra Sort from 9:00 pm to 2:00 am; 7) the Intra Ramp from 9:00 pm to 2:00 am; 8) the Twilight Ramp from 5:00 pm to 9:00 pm; 9) the AM Ramp from 3:00 am to 7:00 am; and 10) the Sunrise Ramp from 3:00 am to 7:00 am and from 8:00 am to 12:00 pm.

6.      Plaintiff is further informed and believes, and based on such information and belief alleges that, after these employees complained of this practice, Don Tefft launched an "investigation" into their complaints and that Judy Donovan conducted interviews of supervisors and managers that were involved in the practice.

7.      As a result of this "investigation", Defendants then claimed to the complaining employees that UPS had stopped the practice. However, in reality, the practice was stopped only temporarily and only as it applied to the AM Sort. UPS continues to engage in this practice in other sorts at its Ontario Hub. This was not the first time that UPS employees have complained of these practices. Plaintiff is informed and believes, and upon such information and belief, alleges that Defendants have received numerous complaints of these practices over many years and yet still direct, consent and ratify these practices and instruct and/or encourage their managers and supervisors to engage in such practices in an effort to increase productivity and cut costs. On that basis, Plaintiff alleges that the "investigation" referenced above was merely for show and was not conducted with an honest effort at correcting these violation, or at correcting the management practices that directly or indirectly encouraged such violations by the Defendants Supervisors and Managers.

8.      In addition to the foregoing, Defendants also engaged in numerous other Labor Code violations, including, inter alia, failing to compensate employees for all hours worked, failing to properly pay overtime compensation, and engaging in false and fraudulent recordkeeping practices.

///

3

9.      Plaintiff, a former employee of Defendants, also alleges that Defendants have engaged, and continue to engage, in a pattern of violations of IWC Wage Order 4-2001 and of numerous Labor Code sections, including 201, 202, 203, 204, 206, 221, 223, 224, 226, 226.7, 510, 512, 1194, 1198 and 2802.

10.      Venue as to each defendant is proper in this judicial district pursuant to C.C.P. §395(a) and 395.5, as at least some of the acts complained of herein occurred in the County of San Bernardino. Each Defendant either owns, maintains offices, transacts business, has an agent or agents within the County of San Bernardino, or otherwise is found with the County of San Bernardino, and each defendant is within the jurisdiction of this Court for purposes of service of process.

11.      Plaintiff is a resident of the City of Fontana in the County of San Bernardino, State of California. He was employed by the Defendants, and each of them, at the United Parcel Service Air Hub located at 3480 Jurupa, in the City of Ontario, County of San Bernardino, State of California from October of 2011 through August of 2017. Plaintiff was a non-exempt employee and worked on the AM Sort.

12.      Defendant United Parcel Service Co. (UPS) is a Delaware corporation with its principal places of business in Louisville, Kentucky and Atlanta, Georgia. It employs approximately 350,000 people in the US and operates five main freight facilities serving the US, and located in Philadelphia, Pennsylvania; Ontario, California; Dallas, Texas; Rockford, Illinois; and, Columbia, South Carolina. According to UPS press publications, its West Coast Region Air Hub located in Ontario, California consists of 778,837 square feet and has a sorting capacity of 67,000 packages/documents per hour. It handles an average of 52 flights a day and serves Alaska, Arizona, California, Colorado, Hawaii, Idaho, Oregon, Nevada, New Mexico, Montana, Utah, Washington, Wyoming and portions of Kansas and Nebraska.

13.      The Ontario Hub is believed to have approximately 4,000 employees. Of these, approximately 50% to 60% are part-time/seasonal employees.

14.      The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants Does 1 through 50, inclusive, being unknown, Plaintiff asserts these

ANDREW DOMINGUEZ v. UNITED PARCEL SERVICE CO. - FIRST AMENDED COMPLAINT

claims against these defendants under fictitious names pursuant to Code of Civil Procedure §474. Plaintiff will amend the Complaint to identify such Doe Defendants' true names once they are ascertained. The defendants and each of them shall be referred to herein collectively as "Defendants" or "UPS."

15. Plaintiff is informed and believes, and thereon alleges, that each Defendant named in this Complaint, and each DOE Defendant, is in some manner responsible for the wrongs and damages alleged below, and in so acting was functioning, at all relevant times, as the agent, servant, partner, alter ego and/or employee of the other Defendants, and each of them, and in doing the actions described below, was acting within the course and scope of his or her or its authority as such agent, servant, partner and/or employee with the permission and consent of the other Defendants, and each of them. All acts herein alleged were approved of and ratified by each and every other Defendant.

16. Plaintiff is informed and believes, and based thereon allege, that UPS and DOES 1 through 10, are indistinguishable to the point that the corporate entity of UPS is not only influenced and governed by DOES 1 through 10, but that the individuality and separateness of UPS and DOES 1 through 10 has ceased to exist and that an adherence to the fiction of the separate existence of the corporation would, under the circumstances alleged herein, sanction a fraud, or promote injustice.

17. At all times mentioned herein, defendants, and each of them, were members and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership and common enterprise.

18. At all times herein mentioned, the acts and omissions of the various defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other defendants in proximately causing the complaints, injuries and damages alleged herein.

19. At all times herein mentioned, defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein. At all times herein mentioned, defendants, and each of them, aided and abetted the acts

and omissions of each and every one of the other defendants, thereby proximately causing the damages, as herein alleged.

20.    The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof. The California Superior Court also has jurisdiction in this matter because Plaintiff and the putative classes herein were all California citizens. Further, the individual claims of the members of the Classes including each plaintiff's pro rata share of attorneys' fees and all other requested relief herein are under the seventy-five thousand-dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim including attorneys' fees and costs, and all other requests for relief are under the five million-dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005. Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the California Labor Code; IWC Work Orders; the California Code of Civil Procedure; the California Civil Code and the California Business & Professions Code.

## PRIVATE ATTORNEY GENERAL ALLEGATIONS

21.    Plaintiff on behalf himself and all others similarly situated, filed this cause of action acting as a private attorney general on behalf of the general public to challenge and remedy the business practices of defendants alleged herein.

22.    B&PC §17200, et seq., often referred to as the Unfair Competition Law, prohibits unfair competition, which is defined to include any unlawful, unfair, or fraudulent business act or practices. Defendants have instituted and implemented unlawful wage-and-hour policies, which constitute unfair, unlawful, or fraudulent business acts or practices within the State of California. Any person that has suffered injury may initiate an action to enforce B&PC §17200. The court is authorized to order injunctive relief, declaratory relief, and restitution to affected members of the general public as remedies for any violations of B&PC §17200.

/ / /

/ / /

ANDREW DOMINGUEZ v. UNITED PARCEL SERVICE CO. - FIRST AMENDED COMPLAINT

23.    Plaintiff is entitled to an award of attorney's fees and costs in prosecuting this action as a private attorney general against defendants under CCP §1021.5 based in part on the following:

a.    A successful outcome in this action will result in the enforcement of important rights affecting the public interest by maintaining the integrity of entities that employ employees;

b.    This action will result in a significant benefit to the general public by ceasing unlawful, unfair and deceptive activity, and by causing the return of ill-gotten gains obtained by defendants through their failure to properly pay their employees;

c.    Unless this action is prosecuted, members of the general public will not recover monies wrongfully taken from them, and many employees and consumers would not be aware that they were victimized by defendants' wrongful acts and practices; and unless attorneys' fees and costs are awarded against defendants, the general public will not be made whole.

## PLAINTIFF CLASSES

24.    The class representative plaintiff who worked in the position of an hourly non-exempt employee or other similar title while employed by defendants within the State of California, is as Andrew Dominguez.

25.    At all times mentioned herein, Plaintiff and the entirety of the hourly Class identified herein are current and former part-time/seasonal employees of defendants who were not properly paid all their wages, including but not limited to, rest periods, meal periods, proper premium overtime, and/or double time due to Defendants' failure to properly calculate the regular rate and/or include all hours worked in a week to determine hours over forty (40) in a week. Further, Defendants failed to properly calculate employees' regular rate of pay, thus underpaying Plaintiff and the class proper premium overtime, double time, and missed meal period penalties in violation of California Labor Code and California Industrial Welfare Commission orders applicable to defendants' business. The plaintiff and the putative class are citizens of the State of California.

/ / /

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to CCP §382. The Classes which plaintiff seeks to represent are composed of and defined as follows:

**Class 1:**

All California-based part-time/seasonal non-exempt hourly employees who worked for UPS's hub located in Ontario, California from August 11, 2013 to the present who were not provided legally-compliant meal periods (Meal Break Class);

**Class 2:**

All California-based part-time/seasonal hourly employees who worked for UPS's hub located in Ontario, California from August 11, 2013 through the present who were not provided legally-compliant rest periods (Rest Period Class);

**Class 3:**

All California-based part-time/seasonal hourly employees who worked for UPS's hub located in Ontario, California from August 11, 2013 through the present who were provided a paystub (a.k.a. wage statement) which failed to accurately reflect all hours actually worked and/or all pay to which they were entitled (Pay Stub Class).

The members of the classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes is unknown to plaintiff at this time; however, it is estimated that the classes number greater than 500 individuals. The identity of such membership is readily ascertainable via inspection of defendants' employment records.

27.     There are common questions of law and fact as to Plaintiff and all others similarly situated which predominate over questions affecting only individual members including, without limitation to:

> i.     Whether Defendants paid its employees proper premium overtime and/or double time at the employees' regular rate for hours over eight (8) in a day and/or forty (40) hours in a week, in paying its hourly non-exempt

ANDREW DOMINGUEZ v. UNITED PARCEL SERVICE CO. - FIRST AMENDED COMPLAINT

employees;

ii.  Whether Defendants violated the applicable Labor Code provisions including §510, 1194, and 203 by requiring substantial overtime work and not paying for said work according to the overtime laws of the State of California;

iii. Whether Defendants failed to pay the appropriate premium overtime compensation to the hourly employees;

iv.  Whether Defendants improperly retained, appropriated or deprived plaintiffs of the use of monies or sums to which plaintiff was legally entitled;

v.   Whether Defendants engaged in unfair business practices;

vi.  Whether Defendants, and each of them, was/were participants in the alleged unlawful conduct;

vii. Whether Defendants' conduct was willful or reckless;

viii. The effect upon and the extent of injuries suffered by Plaintiff and all others similarly situated and the appropriate amount of compensation;

ix.  The appropriate amount of monetary penalties allowed by Labor Code §201, et seq.;

x.   Whether Defendants pay and continues to pay for a missed meal break at an allegedly "reduced" rate of pay in violation of Section 11 of the applicable Wage Orders;

xi.  Whether Defendants violated Labor Code §226 and relevant IWC Wage Orders by failing to, among other violations, accurately report total hours worked by Plaintiff and the members of the Plaintiff class;

xii. Whether Defendants knowingly and intentionally failed to maintain records for Plaintiff and members of the Plaintiff class as required by Labor Code § 1174 and section 7 of the IWC Order 5-2000 and its successor order, 5- 2001;

9

///

xiii.  Whether Defendants willfully violated provisions of the Fair Labor Standards Act;

xiv.  Whether Defendants is subject to civil penalties pursuant to Labor Code §§2699, et seq.

28.    Plaintiff's claims are typical of the claims of all members of the classes and subclasses mentioned herein. Plaintiff, as a representative party will fairly and adequately protect the interest of the classes by vigorously pursuing this suit through their attorneys who are skilled and experienced in handling matters of this type. Plaintiff has no claim or interest that is antagonistic to any class member.

29.    The nature of this action and the nature of laws available to the members of the classes and subclasses identified herein make use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein. Further, this claim involves a large corporate employer, defendant UPS and a large number of individual employees (Plaintiff and all others similarly situated) with many relatively small claims with common issues of law and fact. If each employee were required to file an individual lawsuit, the corporate defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to pursue an action against their present and/or former employer for an appreciable and justifiable fear of retaliation and permanent damage to their careers at present and/or subsequent employment. Proof of a common business practice or factual pattern, of which the named plaintiffs experienced, is representative of the class mentioned herein and will establish the right of each of the members of the named class to recovery on the causes of action alleged herein.

30.    The prosecution of separate actions by the individual class members, even if

possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against defendants herein; and which would establish potentially incompatible standards of conduct for defendants; and/or (b) legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

31.     Plaintiff and all others similarly situated are entitled to the wages and other monies unlawfully withheld. This action is brought for the benefit of the public.

## FIRST CAUSE OF ACTION

### (Violation of B&PC §17200, et seq.)

32.     Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

33.     Beginning on an exact date unknown to Plaintiff but believed to have occurred from August 11, 2013, Defendant has engaged in a pattern and practice of acts of unfair competition in violation of B&PC §17200, including the practices alleged herein.

34.     Defendants, and each of them, owns and operates, manages and controls the facility listed above, and have engaged in the practice of paying their part-time and seasonal hour employees in a fashion that circumvents California overtime laws.

### VIOLATION OF MEAL PERIOD PROVISIONS

35.     California Labor Code Sections 226.7 and 512, as well as section 11 of the California Wage Order No. 4-2001 establish the following requirements for meal breaks:

a.     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes;

b.     If an employer fails to provide an employee a meal period, the employer shall pay the employee one hour of pay for each work day that the meal period is not provided.

36.    Defendants violated these requirements in that they did not allow these employees to take these meal periods and did not pay the appropriate penalty of one hour's pay at the employee's regular rate for the missed meal period.

///

37.    Defendants' improper meal policies are in violation of California law including, but not limited to Labor Code § 226.7, 512, and IWC Wage Order 5-2001. The plaintiff and these classes are entitled to wages at their regular rate of pay for each violation where Defendants violated the meal break provisions and paid the class the missed period penalty at an artificially reduced regular rate. Plaintiff and the class were entitled to 1 hour of pay for each meal break violation at their regular rate of pay. Defendant failed and continues to fail to pay for a meal break violation at the employees' regular rate of pay in violation of Section 11 of the applicable Wage Orders.

38.    Plaintiff seeks restitution with injunctive relief for said violations. Defendants, and each of them, has engaged in unfair business practices in California by practicing, employing and utilizing the employment practices complained of herein. Defendants' use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over defendants' competitors. Plaintiff and the putative class seek full restitution of said monies, as necessary and according to proof, to restore any and all monies withheld and/or acquired by Defendants by means of the unfair business practices complained of herein. Plaintiff seeks, on behalf of all current and former employees of Defendants, restitution of said monies. Plaintiff further seeks, on behalf of himself and the putative class, the appointment of a receiver, as necessary, to establish the total restitution due from Defendants. The restitution includes all wages withheld by Defendants as a result of the unfair business practices, including interest thereon. The acts complained of herein occurred, at least in part, from August 11, 2013 and continue today.

39.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, defendants have engaged in unlawful, deceptive, and unfair business practices prohibited by California B&PC § 17200, thereby depriving their employees and the putative

class the minimum working condition, standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described herein. Plaintiff seeks an injunction preventing defendants from continuing their unfair business practice of improperly depriving their employees of payment of their regular rate of pay for meal period sanctions. Plaintiff further seeks an order requiring Defendants to identify by full name, telephone number, and last known address all part-time/seasonal employees who worked or still work for defendants from August 11, 2013 through the date of judgment. Plaintiff further seeks an order requiring Defendants to timely pay restitution to all current and former employees, including back wages, and interest.

## **VIOLATION OF REST PERIOD PROVISIONS**

40.    California law requires that employers provide rest periods as follows:

a.    They must provide a rest period of not less than 10 minutes rest per four (4) hours or major fraction thereof;

b.    These rest periods, so far as practicable shall be in the middle of each work period, unless the employer can demonstrate that doing so is not practicable; and

c.    If an employer fails to provide an employee a rest period, the employer shall pay the employee one hour of pay for each work day that the rest period is not provided.

41.    Defendants violated these requirements in that they did not allow these employees to take these rest periods and did not pay the appropriate penalty of one hour's pay at the employee's regular rate for the missed rest period.

42.    Defendants' improper rest period policies are in violation of California law including, but not limited to Labor Code § 226.7 and Section 12 of IWC Wage Order 4-2001. Plaintiff and these classes are entitled to wages at their regular rate of pay for each violation where Defendant violated the rest period provisions and paid the class the missed period penalty at an artificially reduced regular rate. Plaintiff and the class were entitled to 1 hour of pay for each rest period violation at their regular rate of pay. Defendants failed and continue to fail to pay for a rest period violation at the employees' regular rate of pay in violation of Section 12 of the applicable Wage Orders.

ANDREW DOMINGUEZ v. UNITED PARCEL SERVICE CO. - FIRST AMENDED COMPLAINT

43.    Plaintiff seeks restitution with injunctive relief for said violations. Defendants, and each of them, has engaged in unfair business practices in California by practicing, employing and utilizing the employment practices complained of herein. Defendants' use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over defendants' competitors. Plaintiff and the putative class seek full restitution of said monies, as necessary and according to proof, to restore any and all monies withheld and/or acquired by Defendants by means of the unfair business practices complained of herein. Plaintiff seeks, on behalf of all current and former employees of Defendants, restitution of said monies. Plaintiff further seeks, on behalf of himself and the putative class, the appointment of a receiver, as necessary, to establish the total restitution due from defendants. The restitution includes all wages withheld by defendants as a result of the unfair business practices, including interest thereon. The acts complained of herein occurred, at least in part, from August 11, 2013 and continue today.

44.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, defendants have engaged in unlawful, deceptive, and unfair business practices prohibited by California B&PC § 17200, thereby depriving their employees and the putative class the minimum working condition, standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described herein. Plaintiff seeks an injunction preventing defendants from continuing their unfair business practice of improperly depriving their employees of overtime pay, and payment of their regular rate of pay for rest period sanctions. Plaintiff further seeks an order requiring defendants to identify by full name, telephone number, and last known address employees who worked or still work for defendant from August 11, 2013 through the date of judgment; Plaintiff further seeks an order requiring defendants to timely pay restitution to all current and former employees, including back wages, and interest.

## FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS

45.    Plaintiff is informed and believes and thereon alleges that as part of defendants' ongoing unfair business practices, defendant, and each of them, fail to provide their employees

with accurate proper and understandable itemized wage statement, as required by Labor Code § 226.

47.    Plaintiff is informed, and believes, and thereon alleges, that defendant, and each of them, fail to provide each employee with an itemized statement which states the actual regular rate paid, the total hours worked by the employee, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

48.    Plaintiff is further informed and believes, and based thereon alleges, that these wage statements were inaccurate because Defendants had instructed, encouraged and/or ratified the practices of its managers and/or supervisors in altering the employees' time entries by shaving time down to avoid the necessity of a meal or rest period, or by increasing the time worked to fraudulently reflect that a rest and/or meal period was taken when in fact it was not. Plaintiff asserts that such actions were taken in order to boost productivity and cut costs and to avoid the statutory penalties of providing the employee with one hour of pay at their regular rate of pay for each rest period and for each meal period not provided.

## SECOND CAUSE OF ACTION - FAILURE TO PROVIDE MEAL BREAKS

### (Violation of Labor Code §226.7)

49.    Plaintiff incorporates by reference as if fully set forth herein, the allegations of the paragraphs set forth above.

50.    Labor Code §226.7 requires an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Plaintiff alleges that Defendants failed to provide legally compliant meals in addition to impeding, discouraging and/or dissuading employees from taking legally compliant meal periods. Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period. Plaintiff and the class consistently worked over five (5) hour shifts without meal periods due to defendant's policy of discouraging, dissuading and/or impeding Plaintiff and the class from taking meal periods.

ANDREW DOMINGUEZ v. UNITED PARCEL SERVICE CO. - FIRST AMENDED COMPLAINT

51.     Pursuant to the Code, plaintiff and the class are entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment, and a second meal period for hours worked over ten (10) in a day.

52.     Defendants failed to provide, impeded and/or discouraged Plaintiff and others from taking timely meal breaks of not less than thirty (30) minutes as required by the Labor Code during the relevant class period and/or failed to obtain legal waivers waiving the first or second meal period.

53.     Pursuant to Labor Code §226.7, Plaintiff is entitled to damages in an amount equal to one (1) hour of wages per missed meal break, in a sum to be proven at trial.

## THIRD CAUSE OF ACTION - FAILURE TO PAY MEAL BREAK PENALTY

### (Violation of Labor Code §§226.7 & 512, et seq.)

54.     Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

55.     Plaintiff is informed and believes and based thereon alleges that Labor Code §226.7 requires an employer to pay an additional hour of compensation at the employee's regular rate of pay for each meal period violation. Defendants have sought to evade this requirement by artificially shaving employees' time cards to the point where no meal break was required, or by artificially inflating employees' time cards to reflect that ½ hour meal period was taken, when it was not. Defendants' improper meal policies are in violation of California law including, but not limited to Labor Code§§ 226.7, 512, and IWC Wage Order 4-2001, et seq. Plaintiff and these classes are entitled to wages at their regular rate of pay for each meal period violation. Plaintiff and the class are entitled to 1 hour of pay for each meal period violation at their regular rate of pay. Defendants failed and continues to fail to pay for a meal break violation at the correct regular rate of pay in violation of Section 11 of the applicable Wage Order.

56.     Pursuant to Labor Code §226.7, Plaintiff is entitled to damages in an amount equal to one (I) hour of the employee's regular rate of pay per each meal period violation, in a sum to be proven at trial.

## FOURTH CAUSE OF ACTION - FAILURE TO ALLOW REST BREAKS

### (Violation of Labor Code 226.7)

57.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein, the allegations of the preceding paragraphs.

58.     Labor Code§ 226.7 requires an employer to pay an additional hour (1) of compensation for each rest period the employer fails to provide. Employees are entitled to a full ten (10) minute rest break for every four (4) hours worked. Plaintiff and the class consistently worked over four (4) hours per shift with no rest breaks, due to Defendant's policy of discouraging, dissuading and/or preventing employees from taking breaks.

59.     Defendants failed to provide, discouraged and dissuaded Plaintiff and others from taking rest breaks of not less than ten (10) minutes as required by the Labor Code during the relevant class period.

60.     Pursuant to Labor Code §226.7, Plaintiff and the class members are entitled to damages in an amount equal to one (1) hour of wages per missed rest break, in a sum to be proven at trial.

## FIFTH CAUSE OF ACTION - FAILURE TO PROVIDE ACCURATE STATEMENTS

### (Violation of Labor Code §226)

61.     Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

62.     The applicable Wage Order provides: Every employer shall semi-monthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (I) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

63.     Subsection (e) provides: "Any employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to

ANDREW DOMINGUEZ v. UNITED PARCEL SERVICE CO. - FIRST AMENDED COMPLAINT

recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees."

64.    During the Class Period, Defendants knowingly and intentionally failed to provide the Class Members, including Plaintiff, with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing that Class Member, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by that Class Member.

65.    Defendants thus required the Class Members, including Plaintiff, to work under conditions prohibited by order of the Industrial Welfare Commission, in violation of those orders. The Class Members, including Plaintiff, suffered injury as a result of Defendants' knowing and intentional failure to provide the Class Members, including Plaintiffs, with the wage and hour statements required by law.

66.    Based on Defendants' conduct as alleged herein, Defendants are liable for actual damages, statutory damages and/or statutory penalties pursuant to California Labor Code section 226, attorney's fees and costs and other applicable provisions of the Employment Laws and Regulations.

## SIXTH CAUSE OF ACTION – PRIVATE ATTORNEY GENERAL ACT

### (Violation of Labor Code §§ 2698-2699)

67.    Plaintiff and the Plaintiff Class members re-allege and incorporate by reference, as though fully set forth herein, the preceding paragraphs of this complaint.

68.    On or about August 11, 2017, Plaintiffs provided written notice via certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

18

69.     The LWDA failed to respond to Plaintiff counsel's correspondence and failed to notify Plaintiff's counsel as to whether it would investigate the allegations contained therein, within 33 calendar days of the postmark date of Plaintiff's correspondence as required under Labor Code §2699.3. Plaintiffs have fully complied with the notice requirements set forth in Labor Code §2699.3 in order to commence a civil action against an employer pursuant to Labor Code §2699.

70.     Defendants' failure to pay Plaintiffs for all hours worked, minimum wages, overtime compensation, failure to provide meal periods, failure to authorize and permit rest periods, and failure to provide accurate itemized wage statements, will subject Defendants to civil penalties pursuant to, without limitation, Labor Code §§558, 210, 226.3, 256, 1174.5, 1197.1, 1198, 2699 and IWC Wage Order 4-2001.

71.     Plaintiffs are aggrieved employees as defined in Labor Code §§2699(a) and (c), and related Labor Code provisions. Plaintiff brings this cause of action on behalf of himself, as a private attorney general, and in a representative capacity on behalf of other aggrieved employees, affected by the labor law violations alleged herein.

**A.      MEAL PERIODS (Labor Code §§226.7 and 512)**

72.     Labor Code §512 and IWC Wage Order 4-2001 state that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee a meal period of not less than 30 minutes, and an employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes. Wage Order 4-2001 states that unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. Labor Code §226.7(a) further states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the IWC. Moreover, an employer is prohibited from exerting coercion against the taking of, creating incentives to forego, or otherwise encouraging the skipping of legally protected breaks.

73.     Plaintiffs were not provided with nor given the opportunity to take the requisite meal periods before the end of the first 5 hours of work.

74.     Pursuant to Labor Code §226.7(b) and IWC Wage Order 4-2001, if an employer fails to provide an employee a meal period in accordance with the applicable provisions of IWC Wage Order 4-2001, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. As such, Plaintiffs are entitled to an additional one hour's pay for each day in which Plaintiffs were not provided a proper meal break under the above-described authorities.

75.     Labor Code §558 and IWC Wage Order 4-2001 state, in pertinent part, that any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of any provision regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Pursuant to this code section and/or wage order, Plaintiffs are entitled to civil penalties for each pay period in which Defendants underpaid their wages as set forth herein.

76.     Plaintiffs request that the Court award interest on all unpaid wages at the legal rate specified by Civil Code §3289(b), accruing from the date the wages were due and payable pursuant to Labor Code §218.6.

77.     Pursuant to Labor Code §§2699, 2699.3, and/or 2699.5, Plaintiffs are aggrieved employees, entitled to recover civil penalties pursuant to the Labor Code, including but not limited to Labor Code §§558 and 2699(f).

**B.      REST PERIODS (Labor Code §226.7)**

78.     IWC Wage Order 4-2001 states that every employer shall authorize and permit all employees to take rest periods. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours of work, or major

fraction thereof. An employer must provide employees with 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on. Furthermore, Labor Code §1198 provides, in pertinent part: . . . The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

79.     Plaintiffs were not permitted to take proper rest periods and/or were required to work during any "rest periods" in contravention of California law. Further, Plaintiffs were regularly not provided with the opportunity to take proper rest periods.

80.     Pursuant to Labor Code §226.7(b) and IWC Wage Order 4-2001, if an employer fails to provide an employee a rest period in accordance with the applicable provisions of IWC Wage Order 4-2001, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

81.     As such, Plaintiffs are entitled to an additional one hour of pay for each day in which they were not provided a proper rest period under the above-described authorities.

82.     Plaintiffs request that the Court award interest on all unpaid wages at the legal rate specified by Civil Code §3289(b), accruing from the date the wages were due and payable pursuant to Labor Code §218.6.

83.     Labor Code §558 and IWC Wage Order 4-2001 state, in pertinent part, that any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of any provision regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Pursuant to Labor Code §§558, 1198 and 2699, and/or IWC Wage Order 4-2001, Plaintiffs are

ANDREW DOMINGUEZ v. UNITED PARCEL SERVICE CO. - FIRST AMENDED COMPLAINT

entitled to civil penalties for each pay period in which Defendants underpaid their wages as set forth herein.

84.    Pursuant to Labor Code §§2699, 2699.3, and/or 2699.5, Plaintiffs are aggrieved employees, entitled to recover civil penalties pursuant to the Labor Code, including but not limited to Labor Code §§558, 2699(f), and IWC Wage Order 5-2001.

**C.    FAILURE TO PAY ALL WAGES DUE TO ILLEGAL ROUNDING**

85.    Labor Code §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

86.    IWC Wage Order 4-2001 §4(A) states: "Every employer shall pay to each employee wages not less than [the minimum wage] per hour for all hours worked. . ."

/ / /

87.    Labor Code §1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit." Labor Code §1194.2 further provides that "an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

88.    Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

89.    Further, pursuant to Labor Code §1198, it is unlawful to employ persons for longer than the hours set by the IWC or under conditions prohibited by the IWC Wage Orders. Pursuant to the IWC Wage Orders, Defendants are required to pay Plaintiffs for all hours worked, including the time that Plaintiffs were suffered or permitted to work, whether or not required to do so.

90.     Defendants, as a matter of established company policy and procedure, administered a uniform policy and practice of rounding actual time worked and recorded by Plaintiffs, usually down, so that during the course of Plaintiffs' employment, Plaintiffs were paid far less than they would have been paid had they been paid for actual recorded time rather than "rounded" time.

91.     Defendants' failures to pay Plaintiffs their wages by unlawfully rounding their hours also violates Labor Code §204 based on Defendants' non-payment of all wages due during the time periods required by that code section. Moreover, pursuant to Labor Code §218, Plaintiffs are entitled to recover their unpaid balance of the full amount of wages due and owing in a civil action.

92.     Labor Code §558 and IWC Wage Order 4-2001 state, in pertinent part, that any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of any provision regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Pursuant to this code section and/or wage order, Plaintiffs are entitled to civil penalties for each pay period in which Defendants underpaid their wages as set forth herein.

93.     Plaintiffs request that the Court award interest on all unpaid wages at the legal rate specified by Civil Code §3289(b), accruing from the date the wages were due and payable pursuant to Labor Code §218.6.

94.     Pursuant to Labor Code §§2699, 2699.3, and/or 2699.5, Plaintiffs are aggrieved employees, entitled to recover civil penalties pursuant to the Labor Code, including but not limited to Labor Code §§210, 558 and 2699(f).

## D.    **FAILURE TO PROPERLY MAINTAIN AND SUBMIT ACCURATE ITEMIZED WAGE STATEMENTS (Labor Code §226)**

95.     Labor Code §§226, 1174, and/or IWC Wage Order 4-2001 require employers to maintain and provide its employees accurate time and employment records, as well as itemized wage statements showing, among other things, gross wages earned, the total hours worked by the employee, all deductions, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Furthermore, Wage Order No. 4-2001 and Labor Code §226 requires every employer to keep accurate information with respect to each employee, including: (1) the employee's full name, home address, occupation, social security number, employee's date of birth, and time records showing when the employee begins and ends each work period; (2) an employee's meal periods; (3) total wages paid each payroll period; and (4) total hours worked during the payroll period and applicable rates of pay.

96.     Defendants failed to properly maintain itemized wage statements in that, among other things, the wage statements provided do not set forth the accurate number of hours worked, correct rates of pay, all overtime compensation, meal periods, premium pay, and other related information required by California law. In addition, in implementing its illegal rest period policies and practices regarding Plaintiffs, Defendants failed to record wages for rest period premiums that should have been paid to Plaintiffs as required by California law. Defendants have failed to record all items delineated in Labor Code §226 and the applicable IWC Wage Order and required under Labor Code §1174. Plaintiffs are informed and believe that these failures were knowing and intentional by Defendants as Defendants sought to deprive Plaintiffs of their legitimate right to unpaid wages, and otherwise deprive them of their proper compensation. As a result of Defendants' intentional and knowing failure to maintain adequate itemized statements, Plaintiffs could not ascertain the actual amount of compensation they earned and/or were entitled to, and thereby are presumed to have suffered cognizable injury in the form of the accrual of unpaid wages, overtime, and interest pursuant to Labor Code §226(e)(2).

97.     Pursuant to Labor Code §226(e), an employee who suffers injury as a result of an employer's knowing and intentional failure to comply with subdivision (a), is

entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

98.    Pursuant to Labor Code §§2699, 2699.3, and/or 2699.5, Plaintiffs are aggrieved employees, entitled to recover civil penalties pursuant to the Labor Code, including but not limited to Labor Code §§226.3, 1174.5 and 2699(f), as well as reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1.    That the Court determine this action may be maintained as a class action;

2.    For an order preliminarily and permanently enjoining defendants from engaging in the practices challenged herein;

3.    An order for full restitution of all monies, as necessary and according to proof, to restore any and all monies withheld by the defendants by means of the unfair practice complained of herein. Plaintiff seeks, on behalf of the putative class, the appointment of a receiver, as necessary. The restitution includes all monies retained as wages, as defined in Labor Code§§ 201, 202, 510 and 1194, and interest, and attorneys' fees as a result of the unfair business practices;

4.    For an order finding and declaring that Defendants' acts and practices as challenged herein are unlawful, and unfair and/or fraudulent;

5.    For an accounting, under administration of Plaintiff and subject to Court Review, to determine the amount to be returned by Defendants and the amounts to be refunded to members who are or were not paid all their wages due to defendants' unfair business practices;

6.    For the creation of an administrative process wherein each injured current and former employee receives his or her back wages in the form of overtime pay or alternatively that each current or former eligible employee may submit a claim in order to receive his/her money;

7.   For an order requiring Defendants to make full restitution and payment pursuant to B&PC Sections 17200, et seq.;

8.   For an order requiring Defendants to pay all statutory penalties owed;

9.   For all other appropriate declaratory and equitable relief;

10.  For pre-judgment interest to the extent permitted by law;

11.  For an order requiring Defendants to identify, by name, address and telephone number of each person who worked as an hourly exempt employee for Defendants from four (4) years before filing of the original complaint in this action through the time of judgment;

12.  For such other and further relief as this Court may deem just and proper.


Dated: February 1, 2019          LAW OFFICE OF ROBERT E. BRIGHT


                                   _____/s/___Robert E. Bright_____
                                   Robert E. Bright, Esq.
                                   Attorneys for ANDREW DOMINGUEZ

# PROOF OF SERVICE
### (CCP §1013A(3) Revised)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

   I am employed in the above County, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 9090 Irvine Center Dr., 2nd Floor Irvine CA 92618.

   On February 1, 2019 I served the foregoing documents described **FIRST AMENDED COMPLAINT** on the interested party in this action in the manner indicated below and as further indicated on the attached Service/Mailing List:

[**XXX**] by placing a true copy thereof enclosed in a sealed envelope addressed to each of the interested party as indicated on the attached Service/Mailing List.

[]   **BY MAIL:** I deposited such envelope in the mail at Irvine, California.  The envelope was mailed with postage thereon fully prepaid.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.  Executed on , at Irvine, California.

[]   **BY PERSONAL SERVICE:**  I caused such document to be hand delivered to the offices of the addressee listed on the attached Service/Mailing List. Executed at Irvine, California.

[x]   **BY ELECTRONIC SERVICE:**  I forwarded the above document via electronic mail to the interested party at the email address noted on the attached Service/Mailing List.  The transmission report indicated that the transmission was complete and without error or interruption. On February 1, 2019, at Irvine, California.

[]   **BY OVERNIGHT DELIVERY:**  I am readily familiar with the Russo & Duckworth, LLP's practice for collection and processing of correspondence for overnight delivery with Overnite Express.  Pursuant to such practice, all correspondence is deposited in a regularly maintained box or delivered to any authorized Overnite Express courier in the ordinary course of business on the date it is generated.  I know that the envelope was sealed, and with delivery fees thereon fully prepaid, placed for collection on this date, following ordinary business practices in the United States, at Irvine, California.  Executed on, at Irvine, California.

   I declare under penalty of perjury under the laws of the United States of Americia that the above is true and correct.

   Executed on **February 1, 201**9**,** at Irvine, California.


     /s/ Barbara Yots


     _____
     Barbara Yots

## SERVICE/MAILING LIST

**Attorneys for Defendant United Parcel Service:**

**Elizabeth A. Brown, Esq.**
**lisabrown@gbgllp.com**
**GRUBE, BROWN& GEIDT, LLP**
**633 W. 5th Street, Sute 3330**
**Los Angeles, CA  90071**
**Phone:  (213) 358-2810**
**Fax:  (213) 358-6382**